Adjudged accordingly.

---

EDWARD ROBERTS v. BOLTIS M. FOWLER.

The power to acquire a lien upon real estate, under the act of 1851, for the better security of mechanics and others, is a personal right, conferred exclusively upon the very person by whom labor is performed or materials are furnished in building, altering, or repairing a house or its appurtenances.

The lien cannot be effected by an assignee of the claim of a contractor, laborer, or person furnishing materials.

The remedies created in the mechanics' lien law are of a purely statutory and extraordinary nature, and the provisions for their enforcement must be strictly construed.

The eleventh section of the act, which provides that the lien may be discharged by filing a certificate of the claimant or his successors in interest, recognizes a transfer of the claim, but only at some period subsequent to the filing and creation of the lien.

On the 20th of June, 1856, the plaintiff in this proceeding served upon the clerk of the city and county of New York, a notice, in the form prescribed by the sixth section of the act of 1851, "for the better security of mechanics and others," with the design of effecting a lien for labor performed and materials furnished by Frederick Frinks, the claimant's assignor, in the erection of buildings upon land owned by the defendant, in accordance with a contract entered into between such assignor and the owner of the premises in question.

A bill of particulars and a notice to bring the lien to a close were served upon the defendant, and the parties appealed and joined issue under the usual order for that purpose.

The pleadings having been served, and the cause being reached in its order upon the calendar, the question whether the plaintiff, as an assignee of the claim, had acquired any lien by filing the notice with the county clerk, was submitted, with the understanding that a reference should be directed in case the court should determine that question in the affirmative.

It was conceded, for the purposes of the decision, that on the 17th of June, 1856, three days before the notice of claim was filed, Frinks, the contractor, for a valuable consideration, assigned to the plaintiff his claim for the alleged work and materials, " with all moneys due, and to grow due thereon, and all rights, securities and remedies consequent upon, or incident thereto."

SPECIAL TERM, FEBRUARY, 1857.
Before INGRAHAM, FIRST J..

*J. S. L. Cummins, Henry M. Alexander* and *Ashbel Green*, plaintiff, made and argued the following points:

I. The contract upon which the claim arose was made after

the passage of the lien law, and the law was therefore part of the contract. That law gives certain remedies, and if that claim be assignable, the remedy should go with it also.

II. The statute is remedial and should be favorably construed. (*Donaldson* v. *Wood*, 22 Wend. 401.)

III. The lien created is an equitable lien upon a fund, and no injury can be done to any one by the claim of the plaintiff.

IV. The legislature has given the right of assigning choses in action, and had it been intended to except any rights or remedies incident thereto, or proper for their security or enforcement, they would have been expressly mentioned.

V. The exclusion of assignees from the right to lien would involve a construction repugnant to justice and equity. The same rule would exclude assignees under assignments for the benefit of creditors, executors, administrators, heirs, etc., etc.

VI. The object of the legislature in enacting this statute should be considered. It was not arbitrarily to give a personal privilege to certain persons and refuse it to others, equally in justice and equity entitled to it; but it was to charge the fund or property which was not by the common law chargeable with the debt. (See opinion of the Chancellor, *Donaldson* v. *Wood*, 22 Wend. 397.) The lien is to have " an operation somewhat in the nature of an attachment of the fund in the owner's hands." (*Miller* v. *Moore*, 1 E. D. Smith, 741.) The lien is akin to that given by the common law to artisans upon materials in their possession for labor bestowed on them, and is a favored lien both in law and equity. (2 Kent. Com. 634, citing 3 Bos. and Pull. 494 ; 4 Carr. and P. 152.)

VII. This court has intimated a construction, in *Crystal* v. *Flannelly*, 2 E. D. Smith, 589, which extends the right to lien as against representatives. " There may be cases where such a proceeding can be instituted against executors." (INGRAHAM, F. J.) The rule of strict construction asked for by the defendant's counsel would exclude the case mentioned by Judge INGRAHAM, equally with the one under consideration. The Massachusetts act requires " the contract to be written, signed by the owner,

Roberts *v.* Fowler.

and recorded," before the lien is acquired. It was held in the case of Foster, 20 Pick. 542, that the lien existed though the contract be not recorded till after the death of the owner.

*Edwards Pierrepont,* for the defendant, made and argued the following points:

I. The statute under which this claim is sought is a peculiar local statute unknown to the common law, and granting special privileges to a special class.

II. Such being the statute, it must be construed strictly.

III. The assignee has no right to file a lien; no one has, except as the statute gives it. (See the act, § 82.)

IV. The statute gives no rights of this kind to the assignee, and consequently he has no such rights. The complaint should be dismissed with costs.

INGRAHAM, FIRST J.—The question submitted to me in this case is, whether the assignee of a claim for work, labor, or materials furnished towards the erection of a building can file the notice and thereby create a lien under the act commonly called the Mechanics' Lien Law.

We have heretofore held that the powers conferred by this act were of such a nature as to call for a strict construction of the act in enforcing them. Unless, therefore, the statute distinctly authorizes such a proceeding on the part of the assignee, he has no claim against the owner of property upon which his assignor has erected a building.

A reference to the statute, I think, disposes of this question.

The first section authorizes the filing of a notice by any person who shall perform the labor or furnish the materials. The fourth section provides that any person who has furnished materials, or any contractor or laborer, may enforce or bring to a close such lien by serving a notice, etc. The fifth section requires a bill of particulars of any set off to be served upon such contractor, laborer, or person furnishing the materials. The sixth section confines the filing of the notice with the

county clerk to the contractor, subcontractor, laborer, or person furnishing materials.

Throughout the whole act the right to the lien and the right to enforce it appear to be confined to the contractor, laborer, or person furnishing materials. In no instance is the assignee of such claim recognized in connection with the creation or enforcement of the lien.

In the eleventh section a different provision is made as to discharging the lien. That section provides that the lien may be discharged by filing a certificate of the claimant or his successors in interest; and although this section recognizes a transfer of the claim, yet it confines such transfer to a time subsequent to the making the claim. The party is called the successor of the claimant. The claimant as previously designated is the party having the claim and filing the notice with the county clerk.

The provisions of the Code, after directing actions to be brought in the name of the party in interest, could not effect this question. The filing of the notice is an act previous to the commencement of the suit, and the act of 1851 was passed after the amended Code, and would control such a provision if contradictory thereto.

There can be no construction given to this statute other than as conferring a mere personal right on the contractor, laborer, or person furnishing materials, and not on his assignee.

This construction of the act disposes of this action, and renders a reference unnecessary.

Judgment ordered for the defendant.